HILLSDALE GASLIGHT CO. v. CITY OF HILLSDALE.

(District Court, E. D. Michigan, S. D. June 13, 1919.)

No. 280.

1. GAS ⊜⇒7(2) — FRANCHISE — ACCEPTANCE BY PUBLIC UTILITY COMPANY — BINDING AS A CONTRACT.

Where a municipality, under proper authority of the state, granted a gas franchise to a public utility company, conferring upon the latter for a definite period, on definite terms and conditions, the right to use public streets for supplying inhabitants, and the franchise was accepted and used, it became mutually binding upon the two parties, and cannot be amended or abrogated by either without the consent of the other.

2. MUNICIPAL CORPORATIONS ⊜⇒285—PUBLIC GAS FRANCHISES—CONTRACT—POWER TO GRANT.

A defendant city of the fourth class had the power, in view of Pub. Acts Mich. 1895, No. 215, c. 27, § 8, and Pub. Acts Mich. 1905, No. 259 (Comp. Laws Mich. 1915, §§ 3183, 3298), to make a franchise contract for 10 years with a public service corporation to furnish its inhabitants with gas at rates fixed by the franchise.

3. COURTS ⊜⇒282(1)—UNITED STATES DISTRICT COURT—JURISDICTION—FEDERAL QUESTION.

Where plaintiff public utility corporation brought an action to restrain a city from enforcing gas rates, prescribed in a franchise alleging that such enforcements would violate Const. U. S. art. 1, § 10, also Amendments 5 and 14, the case is one arising under the laws of the United States.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Bill of complaint by the Hillsdale Gaslight Company against the City of Hillsdale. Decree for defendant, dismissing the bill for want of equity.

Beaumont, Smith & Harris, of Detroit, Mich., for plaintiff.

G. F. Lewis, of Hillsdale, Mich., and Corliss, Leete & Moody, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a motion to dismiss the bill of complaint of the Hillsdale Gaslight Company, a Michigan public service corporation, which is furnishing, under a franchise granted by the city of Hillsdale, in said state, gas to the inhabitants of said city. The suit is brought for the purpose of restraining the city from enforcing the rates for gas prescribed in said franchise on the ground that they are unreasonable and confiscatory, and operate to deprive plaintiff of certain rights under the federal Constitution hereinafter referred to. The motion to dismiss the bill is based on the grounds that such bill does not show the necessary jurisdiction on the part of this court and that it lacks equity.

The bill alleges that plaintiff was duly incorporated under the Michigan statute governing the organization of manufacturing and mercantile corporations; that upon its incorporation it acquired the franchise previously granted by the city of Hillsdale, a Michigan city of the fourth class, to the Hillsdale City Gas Company, which was also a public service corporation, and which had owned and operated a plant for the furnishing of gas to said city and the inhabitants thereof; that thereafter, and up to the date of the filing of said bill, the plaintiff had been, and then was, operating said property under said franchise, which prescribed certain rates, it having, with the consent of said city, succeeded to all of the rights conferred by said franchise; that the plaintiff, as a public service corporation, became entitled, upon its incorporation, under the Constitution and laws of the state of Michigan, to earn and receive a reasonable return on the fair present value of the property employed by it for public use, and that it had been at all times, and then was, entitled to charge for its gas a price sufficient to earn such fair return; that such right accrued to it through its charter as a gas company and its status as a public service corporation, irrespective of any franchise or contract between it and said city; that by reason of great increases in the cost of material and labor necessary to the operation of its business, much of which increase had been imposed by governmental authority, the plaintiff had been, and then was, operating at an actual loss to itself, and that it could not operate, except at a loss; that it should be relieved from the operation of the terms of said "ordinance and contract with the public in the city of Hillsdale (if such contract should be held to limit the price of the gas), since the performance thereof can be had only by the confiscation of the plaintiff's property"; that said city had refused to permit it to increase its said rates; that the said franchise impaired the obligation of the contract between the plaintiff and the state of Michigan and the city of Hillsdale, as evidenced by the charter of

said plaintiff, the act under which it was incorporated, and the Constitution of Michigan, whereby it had been guaranteed a fair return on its property devoted to public use, and that therefore said franchise was in violation of article 1, section 10, of the United States Constitution; that the enforcement of said franchise as to rates was a taking of the property of plaintiff for public use without just compensation therefor, in violation of the Fifth Amendment to the United States Constitution; and that the enforcement of said franchise in respect to the rates fixed therein deprived the plaintiff of its property without due process of law, in violation of the Fourteenth Amendment of the United States Constitution. Plaintiff prayed that said franchise, so far as it fixed the rates to be charged for gas, be decreed to be unreasonable and impossible of performance, and that it be canceled and set aside, and the defendant city be restrained from attempting to enforce it.

The theory on which the bill was thus based has the merits of novelty and ingenuity, but I am unable to follow counsel for the plaintiff in his reasoning, or to agree with him in his contention, at least so far as the present case is concerned. If this argument were advanced in a case wherein a question concerning the powers of a state public utility commission, and their effect upon franchises between municipalities and public utility companies, were involved, or if the plaintiff were not a party to a legally authorized contract with a municipality, empowered by the state to make such contract, there might be force in the contention that rights as between it and a municipality might be affected by relations or contractual rights between it and the state. In the present case, however, no acts or powers of any state board, no applicable provisions of the state Constitution, nor any contractual relations between plaintiff and the state are involved.

[1] It is elementary that where a municipality, under proper authority from the state, as in the present case, grants a franchise, such as that involved here, to a public utility company, conferring upon the latter, for a definite period and on definite terms and conditions, the right to use public streets and other places for the purpose of supplying the inhabitants of said municipality with a public necessity, and the municipality accepts such franchise, so that both agree to the terms thereof, the latter becomes a mutually binding contract between the two parties thereto, and cannot be amended or abrogated by either of such parties without the consent of the other. Lansing v. Michigan Power Co., 183 Mich. 400, 150 N. W. 250; New Orleans Gaslight Co. v. Louisiana Light & Heat Producing & Mfg. Co., 115 U. S. 650, 6 Sup. Ct. 252, 29 L. Ed. 516; Detroit v. Detroit Citizens' Railway Co., 184 U. S. 368, 22 Sup. Ct. 410, 46 L. Ed. 592; Vicksburg v. Vicksburg Waterworks Co., 206 U. S. 496, 27 Sup. Ct. 762, 51 L. Ed. 1155; Home Telephone & Telegraph Co. v. Los Angeles, 211 U. S. 265, 29 Sup. Ct. 50, 53 L. Ed. 176; Detroit United Railway v. Michigan, 242 U. S. 238, 37 Sup. Ct. 87, 61 L. Ed. 268; Columbus Railway, Power & Light Co. v. Columbus, 249 U. S. 399, 39 Sup. Ct. 349, 63 L. Ed. 669 (decided April 14, 1919, after the arguments in this case).

[2] The statute under which the defendant city granted the fran-

chise in question is Act No. 215, Michigan Public Acts of 1895, providing for the incorporation of cities of the fourth class (chapter 27, § 8, being section 3183, Michigan Compiled Laws of 1915), which provides as follows:

"The council may contract from year to year, or for a period of time not exceeding ten years with any person or persons, or with any duly organized corporation, for the supplying of such city or the inhabitants thereof, or both, with gas, electric or other lights upon such terms and conditions as may be agreed, and may grant to such person, persons or corporation the right to the use of the streets, alleys, wharves and public grounds of such city as shall be necessary to enable such person, persons or corporation to construct and operate proper works for the supplying of such light upon such terms and conditions as shall be specified in such contract."

The power of Hillsdale to grant this franchise was strengthened by Act No. 259 of the Public Acts of 1905, being section 3298 of the Michigan Compiled Laws of 1915, which provides as follows:

"The respective actions of the councils of all cities of the fourth class, granting franchises to, and making contracts with, persons or corporations, to use streets and public places, for the supplying of such cities or the inhabitants thereof, or both, with gas, electric or other lights, for periods of time exceeding ten years, but not exceeding thirty years, are hereby legalized and made valid."

There can be no doubt, both from the language of the Legislature pursuant to which this franchise was granted and also from the rule of law applicable, that such franchise constituted a binding contract upon both the plaintiff and upon the defendant city. Lansing v. Michigan Power Co., 183 Mich. 400, 150 N. W. 250; City of Traverse City v. Citizens' Telephone Co., 195 Mich. 373, 161 N. W. 983; Village of Otsego v. Allegan County Gas Co., 203 Mich. 283, 168 N. W. 968.

The only case cited by plaintiff in support of its contention is that of Atlantic Coast Electric Railway Co. v. Board of Public Utility Commissioners (N. J.) 104 Atl. 218 (June 17, 1918). That case, however, aside from any other consideration, is clearly inapplicable to the situation in the present case, for the reason that there the state had not authorized the municipality to make contracts of the kind in question with public utility companies, but that power was reserved to the state. During the course of the opinion, the court distinctly says:

"It is well settled that a power to fix rates may be delegated to the municipality, and that rates so fixed may amount to an irreparable contract, binding future Legislatures."

Furthermore, in order to make it very clear that it was not upholding the contention which is urged by plaintiff in the present case, the court in its opinion in the case just cited used the following explicit language:

"To avoid possible misunderstanding, we add, what is probably plain enough, that our view does not affect contracts made by the Legislature itself, or by any individual or corporation which has power to make them."

In the instant case it is plain that the city of Hillsdale was granted by the state of Michigan the power to make the contract in question, and that such contract was entered into between it and the plaintiff. It is therefore mutually binding upon them both, according to its terms

and conditions, and does not impair any contractual obligations of plaintiff or of the state, at least so far as any showing in this case indicates.

Reliance is placed by plaintiff upon the contention that the circumstances and conditions affecting the cost of operation of its plant had, at the time of the filing of the bill, so increased as to prevent plaintiff from continuing such operation at the rates fixed in its franchise, and that therefore such rates had become unreasonable and confiscatory, and the franchise impossible of performance. As the same contention was urged and overruled in the case of Columbus Railway, Power & Light Co. v. City of Columbus, supra, it is unnecessary for me to discuss the subject further than to refer to the opinion of the United States Supreme Court in that case.

[3] Plaintiff has based its bill and claims to relief upon the sections of the federal Constitution hereinbefore referred to, and the case is therefore clearly one arising under the laws of the United States and properly cognizable by this court. The claim, therefore, of defendants, that the court lacks jurisdiction, must be overruled. Columbus Railway, Light & Power Co. v. City of Columbus, supra.

For the reasons hereinbefore stated, the motion to dismiss the bill on the ground of want of equity must be granted, and a decree will be entered to that effect.